USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------- X
IN RE:                                            :
                                                  :       14-MD-2573 (VEC)
LONDON SILVER FIXING, LTD.,                       :       14-MC-2573 (VEC)
ANTITRUST LITIGATION                              :
                                                  :           ORDER
*This Document Relates to All Actions*            :
------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

    WHEREAS on September 6, 2016, Plaintiffs reached a settlement agreement with Deutsche Bank ("Deutsche Bank Settlement"), Dkt. 156-1;

    WHEREAS on November 23, 2016, the Court granted preliminary approval of the Deutsche Bank Settlement and conditionally certified the settlement class, Dkt. 166;

    WHEREAS on August 5, 2020, the Court approved the class notice plan, preliminarily approved the distribution plan, and scheduled a Fairness Hearing in this matter, Dkt. 464;

    WHEREAS on January 21, 2021, Plaintiffs moved for final approval of the Deutsche Bank Settlement, Dkt. 482;

    WHEREAS on the same day, Plaintiffs moved for an award of attorneys' fees and litigation expenses, Dkt. 483;

    WHEREAS a Fairness Hearing is scheduled for April 8, 2021, at 10:00 A.M., *id.*;

    WHEREAS the Court will consider Plaintiffs' counsel's motion for attorneys' fees and expenses at the Fairness Hearing; and

    WHEREAS the Court considers whether the requested attorneys' fees are reasonable using the percentage method approach and a lodestar cross-check, *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43 (2d Cir. 2000);

IT IS HEREBY ORDERED that with respect to Plaintiffs' counsel's motion for attorneys' fees and expenses, Plaintiffs' counsel must be prepared to address the following topics at the Fairness Hearing:

1. The percentage fee award in comparable cases that (i) settled at a relatively early point in the litigation; (ii) are similar to this settlement with respect to the amount and type of work completed by Plaintiffs' counsel up to the point of settlement; and (iii) are similar to the Deutsche Bank Settlement in that it covered only one Defendant in a multi-defendant case;

2. Whether in calculating the lodestar, the Court should consider Plaintiffs' counsel's work prosecuting this case against the non-settling Defendants after the date of settlement with Deutsche Bank.  While the Court recognizes that work completed prior to the execution of the settlement agreement as well as work on the settlement distribution and notice plans should properly be considered in calculating the lodestar, the Court wishes to hear from class counsel (i) why work done on the case against the non-settling Defendants after the date of the Deutsche Bank Settlement is sufficiently related that it should be reflected in the lodestar; and (ii) why reviewing and analyzing materials produced by Deutsche Bank as a result of the cooperation obligations in the settlement agreement should be reflected in the lodestar, as such work was not completed for the benefit of the Deutsche Bank Settlement Class (which may be different in composition from the class ultimately certified in this case).

3. Whether in calculating litigation expenses, the Court should approve the inclusion of expenses incurred by Plaintiffs' counsel after the date of Deutsche Bank Settlement and pertaining to the prosecution of this matter against the non-settling Defendants.

**SO ORDERED.**

**Date:   April 2, 2021**
**         New York, NY**                                          _____
                                                                  **VALERIE CAPRONI**
                                                                  **United States District Judge**