USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/15/2021

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE LONDON SILVER FIXING, LTD. ANTITRUST LITIGATION | 14-MD-02573-VEC <br> 14-MC-02573-VEC |
| This Document Relates to: <br><br> ALL ACTIONS | The Honorable Valerie E. Caproni |

### ORDER AWARDING ATTORNEYS' FEES

This matter came for a duly-noticed hearing on April 8, 2021 (the "Fairness Hearing"), upon Interim Co-Lead Counsel's Motion for Award of Attorneys' Fees and Reimbursement of Expenses ("Fee and Expense Application") in the above-captioned action ("Action"). The Court has considered the Fee and Expense Application and all supporting and other related materials, including the matters presented at the Fairness Hearing. Due and adequate notice of the Stipulation and Agreement of Settlement with Deutsche Bank AG; Deutsche Bank Americas Holding Corporation, DB U.S. Financial Markets Holding Corporation, Deutsche Bank Securities, Inc.; Deutsche Bank Trust Corporation, Deutsche Bank Trust Company Americas; Deutsche Bank AG New York Branch, and their subsidiaries and affiliates (collectively, "Deutsche Bank") entered into on September 6, 2016 (the "Settlement Agreement")[1] having been given to the Settlement Class Members, the Fairness Hearing having been held, and the Court having considered all papers filed and proceedings held herein and otherwise being fully informed in the premises and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

---

[1] Unless otherwise defined herein, all capitalized terms used have the meanings set forth and defined in the Settlement Agreement.

1. This Court has personal jurisdiction over Representative Plaintiffs, Deutsche Bank, and all Settlement Class Members and subject matter jurisdiction over the Action to approve the Settlement Agreement and all exhibits attached thereto.

2. Notice of the Fee and Expense Application was provided to potential Settlement Class Members in a reasonable manner, and such notice complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure and due process requirements.

3. Plaintiffs' Counsel is hereby awarded attorneys' fees in the amount of $11,400,000 (30% of the Settlement Fund), plus interest at the same rate as earned by the Settlement Fund, which shall be paid out of the Settlement Fund.

4. Interim Co-Lead Counsel is hereby authorized to allocate the attorneys' fees award among Plaintiffs' Counsel in a manner in which, in Interim Co-Lead Counsel's judgment, reflects the contributions of such counsel to the prosecution and settlement of the Action.

5. In making this award of attorneys' fees, the Court has considered and found that:

   a. Plaintiffs' Counsel have prosecuted the Action and achieved the Settlement with skill, perseverance, and diligent advocacy;

   b. The Action involves numerous complex factual and legal issues and was actively litigated and, in the absence of a settlement, would have involved lengthy proceedings with uncertain resolution of the numerous complex factual and legal issues;

   c. Had Plaintiffs' Counsel not achieved the Settlement, a risk would remain that Representative Plaintiffs and the Settlement Class may have recovered less or nothing from Deutsche Bank:

   d. Public policy considerations support the requested fee, as only a small number of firms have the requisite expertise and resources to successfully prosecute cases such as the Action;

    e. Notice was disseminated stating that Class Counsel would be moving for attorneys' fees in an amount not to exceed 30% of the Settlement Fund, plus interest; and

    f. The attorneys' fees award is fair, reasonable, appropriate and consistent with the awards in similar cases, and represents a reasonable percentage of the Settlement Fund, in view of the applicable legal principles and the particular facts and circumstances of the Action. When using the percentage method, courts cross-check the reasonableness of the fee by applying the lodestar method. *See* Goldberg v. Integrated Res., Inc., 209 F.3d 43, 50 (2d Cir. 2000). Class Counsel's initially reported a lodestar figure of $34,128,043.25 for 61,260.05 hours worked from the inception of the case in 2014 through October 31, 2020, which amounts to a lodestar multiplier of 0.33. *See* Mem. of Law, Dkt. 485 at 1, 21. Upon due consideration, although the total numbers of hours worked appear to be excessive as to certain tasks, the Court finds that the requested fee is reasonable given the very modest multiplier.

6. In the event that the Settlement is terminated or the Effective Date does not occur in accordance with the terms of the Settlement, this Order shall be null and void, of no further force or effect, and without prejudice to any of the Parties, and may not be introduced as evidence or used in any actions or proceedings by any Person against the Parties.

7. Pursuant to Section 5(D) of the Settlement Agreement, this fee award is independent of the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement and is also independent of the Court's consideration of the Distribution Plan.

8. The attorneys' fees awarded herein may be paid to Interim Co-Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Settlement Agreement which terms, conditions, and obligations are incorporated herein.

The Clerk of Court is respectfully directed to close the open motion at docket entry 483.

**IT IS SO ORDERED.**

Date: _____June 15_____, 2021.

_____
HONORABLE VALERIE E. CAPRONI
UNITED STATES DISTRICT JUDGE